UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH L. FONVILLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1979SNL |
| ) | |
| AMERICAN DIRECTIONAL , ) | |
| BORING, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff has filed this Title VII employment discrimination action alleging that defendant failed to promote him and terminated his employment on the basis of race. This matter is before the Court on the defendant's motion to dismiss pursuant to Rule 12(b)(6) Fed.R.Civ.P. (#10), filed December 2, 2005. As of today's date, plaintiff has failed to file a response.

In its motion, defendant contends that plaintiff has failed to timely file the instant lawsuit. It avers that plaintiff's Notice of Right-to-Sue is dated October 1, 2004 and that plaintiff did not file his complaint until November 7, 2005. It argues that plaintiff's complaint is untimely because it was filed more than ninety (90) days after receipt of the Notice of Right to Sue.

Title 42 U.S.C. §2000e-5(f)(1) requires a plaintiff to file a lawsuit in federal district court within ninety (90) days of plaintiff's receipt of a Right-to-Sue letter from the EEOC. Attached to plaintiff Fonville's complaint is a copy of the Right-to-Sue letter sent to the plaintiff. It is dated October 1, 2004. Plaintiff's Exhibit 3.1. The plaintiff's complaint was filed as of October 25, 2005.[1]

The ninety-day limitation period of 42 U.S.C. §2000e-(f)(1) is not a jurisdictional prerequisite to federal suit and is subject to equitable tolling in appropriate circumstances. Hill v.

---

[1] The defendant avers that the plaintiff's complaint was filed on November 7, 2005. However, since plaintiff is litigating *pro se*, the "filing date" used by the district courts is the date the complaint is received in the Clerk's Office. Since processing such complaints may take some time, it is not fair to prejudice *pro se* litigants for the time spent by the courts processing their complaints.

John Chezik Imports, 869 F.2d. 1122, 1124 (8th Cir. 1989). Courts have generally reserved the remedy of equitable tolling for circumstances that were truly beyond the control of the plaintiff. Id. The Supreme Court has held that equitable tolling is justified under certain circumstances, but not limited to, inadequate notice from the E.E.O.C. or where affirmative misconduct by the defendant "lulls the plaintiff into inaction." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984).

In the instant matter plaintiff has failed to present to the Court any reasonable justification for the Court to invoke the doctrine of equitable tolling. The right-to-sue letter clearly informed plaintiff that he had ninety (90) days in which to file a lawsuit raising his federal claims of employment discrimination. The ninety (90) day filing period expired as of January 3, 2005. Plaintiff's complaint in untimely and subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#10) be and is **GRANTED**. Plaintiff's complaint is **DISMISSED** as being untimely pursuant to 42 U.S.C. §2000e-5(f)(1). No further action shall be taken in this case.

Dated this  21st  day of December, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE